JOHN ENGLEMAN *v.* CENTRAL NATIONAL BANK, DANVILLE.

**Judgment in Excess of Amount Claimed in Petition.**
    A judgment for an amount in excess of that claimed in the petition, will be reduced to its proper sum.

**Same—Remittiter.**
    A remittiter of the excess, when application is made by the defendant for an injunction to prohibit collection of the judgment, will not cure the defect and render it unnecessary for the judgment to be reversed.

APPEAL FROM LINCOLN CIRCUIT COURT.

April 26, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

On the trial in the circuit court the defendant does not appear to have introduced any evidence, and the plaintiff having read to the jury the note sued on, they returned the following verdict: "We, the jury, find for the plaintiff the amount of the note and interest," and thereupon the court entered up a judgment for $6,632.70 with interest from the 3rd day of November, 1866, the

amount appearing to be due by the note as it is copied in the record, but which exceeds the amount claimed in the petition by $262.20, therein admitted to have been paid.

The court having afterwards sustained the levy of an order of attachment against the property of the defendant, Engleman, he has appealed to this court, and complains of both the judgment for the debt and that sustaining the attachment.

One of the objections to the judgment is that the plaintiff was not entitled to recover on the pleadings, no reply having been filed controverting the answer which it is construed was a counter-claim and should have been taken as confessed, as it was not answered. But we do not so construe the pleading, but think it was properly treated as an answer, simply setting up payment by way of the payment of usury. But another objection insitsed on, must prove fatal to the judgment. The judgment being for $262.20 in excess of the debt, as claimed in the petition, was clearly erroneous, and the error was not cured, in our opinion, by the plaintiff's admisison of a credit of record, made, as it was, at another term of the court, and when the court had ceased to have power over the judgment in which the error was committed, and after the prayer for this appeal which was entered upon over-ruling the motion for a new trial. This is not of the class of cases in which verdicts have been sustained upon the plaintiff's entering a *remittiter* of part of the damages assessed to avoid the granting of a new trial.

For the error we have indicated, the judgment is reversed, and the cause remanded for a new trial and for further proceedings on amended pleadings, or otherwise not inconsitsent with this opinion.

*Bradleys, for appellant.*

*Durham & Jacobs, for appellee.*